United States District Court
Southern District of Texas
**ENTERED**
June 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL A DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-47 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Michael Unit in Tennessee Colony, Texas. Proceeding *pro se,* he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (D.E. 1, p. 2). Respondent filed a motion for summary judgment on May 6, 2016, arguing that Petitioner is ineligible for mandatory supervision and therefore his petition fails to state a claim for which federal habeas relief can be granted. (D.E. 18). Petitioner's response to Respondent's motion was due on May 27, 2016, however, Petitioner has not filed a response. On June 3, 2016 Petitioner filed the pending motion for appointment of counsel. (D.E. 20).

There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing.

Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. *See* Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

It is therefore ORDERED that Petitioner's motion for the appointment of counsel, (D.E. 20), be **DENIED** without prejudice.

It is further ORDERED that Petitioner shall file a response to Respondent's motion for summary judgment on or before **June 20, 2016.** Petitioner is warned that failure to file a response may result in the case being dismissed.

ORDERED this 6th day of June, 2016.

_____
Jason B. Libby
United States Magistrate Judge