Case 2:16-cv-00047 Document 35 Filed in TXSD on 09/07/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL A DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-47 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the Michael Unit, in Tennessee Colony, Texas.[1] On January 19, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding at the McConnell Unit in Beeville, TX. (D.E. 1).[2] On May 6, 2016, Respondent filed a Motion for Summary Judgment. (D.E. 18). Petitioner filed a response on August 22, 2016. (D.E. 34). For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

---

[1] At the time of filing, Petitioner was incarcerated at the McConnell Unit in Beeville, TX. (D.E. 1).

[2] The petition was signed on January 19, 2016 and received by the Clerk of Court on February 8, 2016. (D.E. 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

**I.     JURISDICTION**

Jurisdiction and venue are proper in this Court because Petitioner, at the time of filing, was incarcerated in Bee County, Texas, which is located within the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

**II.    BACKGROUND**

Petitioner does not challenge his underlying conviction but instead challenges a TDCJ disciplinary case.  On March 11, 2015, in case number 20150194210, Petitioner was found guilty of tampering with a locking mechanism or a food tray slot, a Level 2, Code 18.2 violation.  (D.E. 16-2, Pages 3-5).[3]  The punishment included (1) 30 days loss of commissary, recreation and telephone privileges; (2) loss of 30 days good-time credits and (3) reduction in line class from L1 to L2.  (D.E. 1, Page 5 and D.E. 16-2, Page 3). Petitioner appealed this finding of guilty through the TDCJ grievance procedure which was denied at Step 2 on May 14, 2015.  (D.E. 27-1, Page 4).[4]

---

[3]TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf>.

[4]A state prisoner must generally exhaust all available state remedies before proceeding in federal court.  28 U.S.C. § 2254(b) and (c).  Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court, however, they must first exhaust prison grievance procedures.  *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993).  TDCJ uses a two-step grievance process and a prisoner must present his claims in both steps to exhaust his administrative remedies.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Any claim that is not exhausted is procedurally barred from federal habeas review.  In this case, while Respondent initially claimed Petitioner was procedurally barred because he did not follow the grievance procedure, Respondent now concedes Petitioner filed a Step 1 and Step 2 Grievance and has exhausted his administrative remedies. (D.E. 18, Page 3; D.E. 27-1 and D.E. 28).

On January 19, 2016, Petitioner filed the pending petition alleging he did not tamper with his locking mechanism, the investigation that led to his disciplinary charge violated TDCJ policy because it occurred after 10:30 p.m., the charging officer was not physically present during the incident, and the video camera footage of his cell should have been reviewed. (D.E. 1, Pages 6-7). In his response, Petitioner also asserts his counsel substitute, Ms. Bryant, was ineffective as she failed to ensure TDCJ disciplinary rules and procedures were followed during the prison disciplinary process and also did not adequately communicate with him. (D.E. 34, Page 3-5). Even accepting Petitioner's claims as true, he is not entitled to "habeas corpus relief for reasons stated below.

### III. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a constitutional expectancy of early release.

*Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000).  In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release.  *Id*.  To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

IV.    **SUMMARY JUDGMENT**

In deciding a motion for summary judgment, the district court must determine whether there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions.  Generally, Rule 56 applies to federal habeas corpus cases.  *Clark v. Johnson,* 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc*., 232 F.3d 473, 477 (5th Cir. 2000)(citation omitted).  Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

V.    **DISCUSSION**

   **A.  Loss of Good-Time Credits**

The primary issue in this case concerns whether or not Petitioner has stated the denial of a constitutionally protected liberty interest.  Prisoners are not wholly stripped of all constitutional protections when imprisoned.  *Wolff,* 418 U.S. at 555.  A prisoner's

constitutional rights are set forth in the Due Process Clause of the Fourteenth Amendment. However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995). These interests are generally limited to sanctions that affect the quantity of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters. *Sandin*, 515 U.S. at 484. Prison inmates who lose previously earned good time credits as a result of prison disciplinary convictions are entitled to procedural due process protections. *Wolff*, 418 U.S. at 555. Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Under Texas law, a TDCJ inmate can become eligible for release in two ways: "The first is by parole and the second is under a mandatory supervised release program." *Id*. Only mandatory supervision may create a "constitutional expectancy" of early release. *Malchi*, 211 F.3d at 957. However, in the pending case, Petitioner pleaded guilty to and was convicted of aggravated sexual assault of a child in 2004 and is, therefore, ineligible for mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(8)(stating an inmate may not be released to mandatory supervision if the inmate is *serving a sentence for or has been previously convicted* of aggravated sexual assault under Section 22.021, Penal Code (Aggravated Sexual Assault))(emphasis

5 / 10

added); (D.E. 26 and D.E. 26-1). While Petitioner also pleaded guilty to and was convicted of Theft Over $200,000.00, an offense which is eligible for release to mandatory supervision, and Petitioner's sentences for both offenses run concurrently, he remains ineligible for mandatory supervision because of his aggravated sexual assault of a child offense as the Texas Legislature has specifically excluded Petitioner from being eligible for release to mandatory supervision. (D.E. 26 and D.E. 26-2). Further, Petitioner acknowledges he is ineligible for mandatory supervision. (D.E. 34, Page 1). Because Petitioner is not eligible for mandatory supervision, he has no constitutional expectancy of early release and no liberty interest in his lost good time. *Malchi*, 211 F.3d at 957; *Madison*, 104 F.3d at 767-8; *Campos v. Johnson*, 958 F.Supp. 1180, 1189 (W.D. Tex. 1997).

For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole. TEX. GOV'T CODE ANN. § 498.003. It is well established that eligibility for parole is not a constitutionally protected interest. *See Madison*, 104 F.3d at 768. Because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *Id*.

A disciplinary action resulting in loss of good-time credits only affects eligibility for parole and, therefore, does not affect a constitutionally protected interest. Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Loss of good-time credits does

not support a constitutional claim in this instance, and therefore, Petitioner is not entitled to federal habeas corpus relief as to his loss of good time credits.

### B. Other Sanctions

The disciplinary hearing also resulted in privilege restrictions and for a reduction in Petitioner's line class from L1 to L2. (D.E. 16-2, Page 3). These sanctions are changes in the conditions of confinement. The Due Process Clause does not protect every adverse change in the conditions of confinement. *Sandin*, 515 U.S. at 478. Mere changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison,* 104 F.3d at 768. Commissary and recreation limitations and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958-59.

While Petitioner asserts his line class status affects his ability to attend any life skills, vocational or college courses, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Therefore, sanctions imposed on Petitioner do not implicate due process concerns and do not require federal habeas corpus relief.

Further, to the extent Petitioner challenges his counsel substitute's representation during the prison administrative process, a prisoner does not have a constitutional right to representation in a prison disciplinary hearing. *Wolff*, 418 U.S. at 570 (inmates do not "have a right to either retained or appointed counsel in disciplinary proceedings"). "If a

prisoner is given counsel substitute, he does not have a constitutional right to effective representation by that counsel substitute," and "if a prisoner's counsel substitute performs inadequately, there is nothing a federal court can do in a habeas corpus case to redress the consequences of that inadequate representation." *Shepard v. Thaler*, No. 09-cv-95, 2011 WL 4346320, at *2 (N.D. Tex. Aug. 19, 2011)(citing *Wolff*, 418 U.S. at 570); *see also Bratchett v. Thaler*, No. H-11-1384, 2012 WL 364073, at *8 (S.D. Tex. Feb. 1, 2012)(citation omitted)( "Because an inmate has no constitutional right to assistance of counsel substitute, he cannot claim a right to habeas relief on counsel substitute's performance.")

## VI.   CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

Respondent's Motion for Summary Judgment requests that Petitioner's claim be denied on the merits.   The COA determination under Section 2253(c) requires an overview of the habeas petition and a general assessment the merits. *Miller-El*, 537 U.S. at 336.  As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Petitioner must show that issues are debatable among reasonable jurists, and courts could resolve the issues differently.  *Alexander*, 211 F.3d at 896.

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327.  Accordingly, it is respectfully recommended that the Court not issue a COA.

## VII.   RECOMMENDATION

For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 18) and Petitioner's claim for habeas corpus relief be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 7th day of September, 2016.

                                                  Jason B. Libby
                                        United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).