Case 2:16-cv-00047 Document 38 Filed in TXSD on 10/03/16 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL A DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-47 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

# **ORDER**

Petitioner is a state inmate currently incarcerated at the Michael Unit in Tennessee Colony, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding while he was incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1). Pending is Petitioner's Motion for Grievances, which the Court construes as a Motion for Discovery. (D.E. 37). Petitioner requests Respondents provide him with copies of his grievances as well as the grievances of five other offenders. (D.E. 37, Page 2).

A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of

Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

On May 6, 2016, Respondents filed a Motion for Summary Judgment. (D.E. 18). Petitioner was given several extensions of time to file a response. (D.E. 22; D.E. 25 and D.E. 30). A Memorandum and Recommendation ("M & R") was entered on September 7, 2016, recommending Respondents' Motion for Summary Judgment be granted and Petitioner's case be dismissed as Petitioner is ineligible for mandatory supervision. (D.E. 35).

Petitioner has failed to demonstrate good cause entitling him to discovery and his Motion is **DENIED**. Petitioner's objections to the pending M & R were due on or before September 21, 2016. However, the undersigned finds a brief extension is warranted. Therefore, Petitioner shall file his objections, if any, on or before **October 14, 2016**.

ORDERED this 3rd day of October, 2016.

Jason B. Libby
United States Magistrate Judge