United States District Court
Southern District of Texas

**ENTERED**

January 09, 2017

David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

MICHAEL A DAVIS,                        §
                                        §
      Petitioner,                    §
VS.                                     §   CIVIL NO. 2:16-CV-47
                                        §
WILLIAM  STEPHENS, *et al*,             §
                                        §
      Respondents.                   §

## <u>ORDER</u>

Petitioner Michael A. Davis ("Davis") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding at the McConnell Unit in Beeville, Texas. (D.E. 1). Randle does not challenge his underlying conviction.

On March 11, 2015, in case number 20150194210, Petitioner was found guilty of tampering with a locking mechanism.  (D.E. 16-2, Pages 3-5). The punishment included (1) 30 days loss of commissary, recreation and telephone privileges; (2) loss of 30 days good-time credits and (3) reduction in line class from L1 to L2. (D.E. 1, Page 5 and D.E. 16-2, Page 3). Petitioner appealed this finding of guilty through the TDCJ grievance procedure which was denied at Step 2 on May 14, 2015. (D.E. 27-1, Page 4).

The Court has before it Davis's Petition (D.E. 1), Respondents' motion for summary judgment (D.E. 18), Davis's response to Respondents' motion for summary judgment (D.E. 34), the Memorandum and Recommendations ("M&R") of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. § 636(b) (D.E. 35), and Davis's objections to the M&R (D.E. 39). The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

1 / 3

Here, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted, Davis's action for habeas corpus relief be dismissed. The Magistrate Judge's M&R details the applicable law and reasons for these recommendations in detail. *See* D.E. 35. The Magistrate Judge further recommended a Certificate of Appealability be denied.

Davis objects to the M&R by stating that his due process rights to a fair hearing were violated, he was harassed by a sergeant and officer, he was never given the opportunity to prove his innocence of the accusation of tampering with a lock, he was denied witnesses, he was denied the opportunity to present evidence, his I-60 was never answered, and he was inadequately represented by counsel. (*See* D.E. 39, Page 2). Davis also objects to the M&R by noting that he listed facts in each grievance and thus has provided evidence of harassment. (*See* D.E. 39, Page 4). Davis also states in his objections that he was denied medical attention after an ear infection in his left hear, a claim that he did not raise in his initial habeas petition. (*See* D.E. 1, Pages 5-7; D.E. 39, Page 5).

Davis also argues that he "is not challenging or seeking early release but by having a fraudulent disciplinary case on Petitioners [sic] record it makes Petitioner unable to become eligible or considered for parole." (D.E. 39, Page 7). However, as the Magistrate Judge explained in the M&R, a prisoner does not have a constitutional right a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In contrast, "[b]ecause it is entirely speculative whether a prisoner will be released on parole, . . . there is no constitutional expectancy of parole in Texas." *Id.* (quoting *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)). To establish a constitutional violation, a petitioner must show that he has a constitutional expectancy of early release, which

Davis has not been able to show by his own admission in his objections that he is not eligible for mandatory supervision. (D.E. 39, Page 8).

After independently reviewing the record and considering the applicable law, the Court adopts the entirety of the Magistrate Judge's proposed findings and recommendations; **GRANTS** Respondent's motion for summary judgment (D.E. 13); **DISMISSES** the petition for a writ of habeas corpus (D.E. 1); and **DENIES** Petitioner a Certificate of Appealability. The Court further **DIRECTS** the Clerk to close this case after entering the accompanying judgment.

It is so **ORDERED**.


SIGNED this 9th day of January, 2017.

Hilda Tagle
Senior United States District Judge